O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY TOTTEN, | ) | CASE NO. CV 10-7050-ODW (PLAx) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| v. | ) | DENYING IN PART DEFENDANTS' |
| | ) | MOTION FOR SUMMARY |
| CITY OF TORRANCE, CHIEF JAMES | ) | JUDGMENT [27] |
| HERREN, individually and as a peace | ) | |
| officer, SERGEANT JAMES | ) | |
| CARRERAS, individually and as a peace | ) | |
| officer, AND DOES 1 THROUGH 10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Currently before the Court is Defendants, City of Torrance (the "City") and Santiago Carreras's ("Carreras," erroneously sued as Sergeant James Carreras  and collectively, "Defendants"), Motion for Summary Judgment. (Dkt. No. 27.) After careful consideration of the briefing and evidence submitted by the parties in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the

1  Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

2  **II.      FACTUAL BACKGROUND**

3          On August 26, 2008, Plaintiff Jeffrey Totten ("Plaintiff") arrived in the Traffic
4  Division lobby of the Torrance Police Department to complain about an alleged
5  dangerous intersection. (Def.'s Statement of Uncontroverted Facts ("SUF"), Dkt. No. 30,
6  No. 1.)  Plaintiff first spoke to secretary Brenda Felt ("Ms. Felt") who then called
7  Carreras to speak to Plaintiff at the counter.  (SUF. Nos. 3-4.)  While the parties dispute
8  as to whether Plaintiff entered the Traffic Division lobby yelling and using profanity, it
9  is undisputed that Plaintiff was told to settle down and admits to having used profanity
10  on several occasions during this time.  (*See* SUF No. 2.)

11          Carreras attempted to calm Plaintiff down and walk him out of the Traffic Division
12  lobby to the main lobby. (SUF No. 5.)  With Carreras close behind, Plaintiff approached
13  the doors leading to the main lobby. (SUF No. 6.)  As Plaintiff reached for the door
14  leading in to the main lobby a physical altercation ensued.  (SUF Nos. 6-8.)  The parties
15  dispute as to who initiated physical contact, but nevertheless, Carreras ended up pinning
16  Plaintiff against the door and wall with his forearm while other officers responded to aid
17  Carreras.  (SUF Nos. 9, 13.)  Plaintiff either lost his footing or was forced to the ground
18  where he  was eventually handcuffed and arrested at which time Plaintiff alleges to have
19  torn a ligament in his knee.  (SUF Nos. 14-15; Opp'n at 3.)  Plaintiff was ultimately
20  booked and released shortly thereafter.  (SUF No. 18.)

21          The City's prosecutors charged Plaintiff with two counts of assault and battery
22  pursuant to California Penal Code (the "Penal Code") §§ 242 and 243(b).  (SUF No. 19.)
23  In addition, Plaintiff was charged with two counts of violating Penal Code § 148(a) for
24  resisting, delaying, or obstructing a police officer.[1]  (SUF No. 19.)  On May 17, 2010, a
25  criminal jury found Plaintiff guilty of violating Penal Code § 148(a) and  not guilty as to
26  the assault and battery charges.  (SUF No. 22.)

27  _____

28          [1]  Penal Code § 148, subdivision (a)(1) is unlike the law of many states in that it is not limited
    to a defendant's conduct in resisting arrest but extends to a defendant's resistance of an officer in the
    discharge or attempted discharge of any duty of his or her office, it similarly requires that the officer be
    *lawfully engaged* in the performance of his or her duties.  *Yount v. City of Sacramento*, 43 Cal. 4th 885,
    894 (2008) (citation omitted) (emphasis added).

On September 22, 2010, Plaintiff instituted this action against the City, Chief James Herren of the Torrance Police Department, and Carreras alleging the following claims: (1) violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 for unreasonable force, false arrest, and malicious prosecution against Carreras; (2) *Monell* claim against Chief James Herren and the City of Torrance; (3) assault and battery against Carreras and the City; (4) false arrest against Carreras and the City; (5) "torts in essence" against all Defendants; (6) intentional infliction of emotional distress; (7) negligence and negligent employment;  and (8) violations of the California Civil Rights Act against all Defendants.   Subsequently, Chief James Herren was dismissed from this case on February 1, 2011.  (Dkt. No. 11.)

## III.   LEGAL STANDARD

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©.  Evidence the court may consider includes the pleadings, discovery and disclosure materials, and any affidavits on file.  Fed. R. Civ. P. 56(c)(2).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986).  That burden may be met by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.  Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial.  *Id*. at 323-34; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).  Summary judgment is appropriate if a party, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

Only genuine disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477

1    U.S. at 248; *see also Aprin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th

2    Cir. 2001) (the nonmoving party must present specific evidence from which a reasonable

3    jury could return a verdict in its favor).   "A scintilla of evidence or evidence that is

4    merely colorable or not significantly probative does not present a genuine issue of

5    material fact." *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).

6        It is not the task of the district court "to scour the record in search of a genuine

7    issue of triable fact. [Courts] rely on the nonmoving party to identify with reasonable

8    particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d

9    1275, 1279 (9th Cir. 1996); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237

10   F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for

11   evidence establishing a genuine issue of fact, where the evidence is not set forth in the

12   opposing papers with adequate references so that it could conveniently be found.").

13   **IV.    DISCUSSION**[2]

14       Defendants move for summary judgment on the following grounds: (1) Plaintiff's

15   criminal convictions bar his § 1983 claims for false arrest and malicious prosecution; (2)

16   Plaintiff's criminal convictions bar his § 1983 claim for excessive force because they are

17   based on "one continuous transaction;" (3) Carreras is entitled to qualified immunity; (4)

18   Plaintiff does not have evidence to support his *Monell* claim; (5) Plaintiff's criminal

19   convictions bar his assault and battery claims; (6) Plaintiff's "torts in essence" claim fails

20   because the alleged Penal Code sections do not support Plaintiff's claim;  and (7) Public

21   Policy bars  Plaintiff's claim for intentional infliction of emotional distress, negligence,

22   and Plaintiff's claim pursuant to California's Bain Act.  The Court addresses Defendants'

23   arguments in turn.

24

25

26

27

28

---

[2]  With regard to Defendants' Request for Judicial Notice,  (Dkt. No. 28.), the Court GRANTS
all requests to the extent that they are considered in this Order.

1

2

### A.   PLAINTIFF'S § 1983 CLAIMS FOR FALSE ARREST AND MALICIOUS PROSECUTION

3   Defendants argue that *Heck v. Humphrey*, 512 U.S. 477, 487-488 (1994)

4   necessarily bars Plaintiff's § 1983 claims for false arrest and malicious prosecution.[3]

5   (Mot. at 6-8.)  Specifically, Defendants contend that Plaintiff's claim arising out of the

6   same facts as his criminal convictions must be dismissed.  (*See* Mot. at 7.)  With respect

7   to Plaintiff's § 1983 claim for false arrest, the Court agrees with Defendants and finds

8   that Plaintiff's claim  must fail because the lawfulness of his arrest has been established

9   as part of his criminal convictions.  *See Susag v. City of Lake Forest*, 94 Cal. App. 4th

10  1401, 1409 (Ct. App. 2002) ("In California, the lawfulness of an arrest is an essential

11  element of the offense of resisting or obstructing a peace officer . . . . If the officer was

12  not performing his or her duties at the time of the arrest, the arrest is unlawful and the

13  arrestee cannot be convicted under Penal Code section 148, subdivision (a).") (citation

14  omitted).  Because the lawfulness of Plaintiff's arrest has been established, it cannot be

15  disputed that probable cause existed at the time of the arrest.  Plaintiff does not dispute

16  this conclusion. (Opp'n at 17.)  Accordingly, the Court **GRANTS** Defendants' Motion

17  and dismisses Plaintiff's § 1983 claim for false arrest.[4]

18  Similarly, Plaintiff's § 1983 claim for malicious prosecution cannot stand.  To

19  maintain such a claim, "a plaintiff 'must show that the defendants prosecuted [him] with

20  malice and *without probable cause*.' " *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066

21  (9th Cir. 2004) (emphasis added) (alteration in original) (quoting *Freeman v. City of*

22  *Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)); *see also Heck*, 512 U.S. at 484 n. 4

23  (1994) (noting that lack of probable cause is an "essential" element of a malicious

24  prosecution claim).  Plaintiff, nevertheless, argues that this claim is based on criminal

25  charges in which he was ultimately found not guilty.  Still,  success here would

26

27

28

[3] *Heck* first established that a § 1983 claim calling into question the lawfulness of a plaintiff's conviction or confinement is not cognizable until the conviction or confinement has been invalidated. 512 U.S. at 483.

[4] For the same reasons, the Court also dismisses Plaintiff's fourth claim for "false arrest." Cal. Pen. Code § 847(b); *see Cervantes v. U.S.*, 330 F.3d 1186, 1188 (9th Cir. 2003).

necessarily imply that any conviction obtained in the state criminal case was improperly based on Plaintiff's unconstitutional arrest and/or prosecution.  The Court cannot hold as such in this case.  Accordingly, the Court **GRANTS** Defendants' Motion and dismisses Plaintiff's § 1983 claim for malicious prosecution.

### B.    PLAINTIFF'S § 1983 CLAIMS FOR EXCESSIVE FORCE

Defendants contend that Plaintiff's § 1983 claim for excessive force is *Heck* barred.  (Mot. at 9-12.)  Specifically, Defendants argue that allowing Plaintiff's allegations that he did not engage in any wrongdoing would potentially invalidate Plaintiff's criminal convictions.  (Mot. at 10.)  In addition, Defendants aver that Plaintiff's lawful arrest was conducted during one continuous transaction barring allegations of any unlawfulness, including excessive force. (Mot at. 11.)  Alternatively, Defendants argue that Carreras is entitled to qualified immunity. (Mot. at. 12.)  Plaintiff disagrees arguing that a plaintiff can be guilty of resisting arrest in violation of Penal Code § 148 in a continuous transaction and still have his Fourth Amendment rights against unreasonable force violated.  (Opp'n at 23.)

To begin, Defendants' argument that Plaintiff's claim is *Heck* barred is unavailing.  The Ninth Circuit has held that "a conviction under [ ] Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during "one continuous transaction."  *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) ("[A] defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him.  The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it.") (citation omitted).  Accordingly, unlike Plaintiff's false arrest and malicious prosecution claims, *Heck* does not automatically bar Plaintiff's § 1983 claim for excessive force.

In addition, the Court agrees with Defendants to the extent that Plaintiff's allegations do not refer to his criminal convictions.  Nevertheless, in light of the Ninth

Circuit's holding in *Hooper*, the Court cannot hold that Plaintiff's allegations that he did not commit any wrongdoing collaterally attacks his criminal convictions because there may be instances where "the officer 'effectuate[s] a lawful arrest in an unlawful manner.'" *See Hooper*, 629 F.3d at 1133.  Particularly, the Complaint contains allegations that "Carreras came out from behind the counter and angrily assaulted Plaintiff, throwing Plaintiff against the traffic office door and to the floor." (Compl. ¶ 7.) Because these allegations do not necessarily invalidate Plaintiff's criminal convictions, Defendants' argument fails.

Lastly, the Court finds that Carreras is not entitled qualified immunity.  A police officer is entitled to qualified immunity from suit under 42 U.S.C. § 1983 where an objectively reasonable officer would not have known that his conduct was unconstitutional under the circumstances. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  In considering the issue of qualified immunity, a district court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. at 201.  The court must also determine "whether the right was clearly established." *Id*.  A right is "clearly established" if, "in light of the specific context of the case," it would be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 201–02.  "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. at 202.

Courts are free to analyze the two prongs in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").  A court may first ask if there was a constitutional right violated before turning to whether that right was clearly established, is not mandatory, though it is "often appropriate" and "beneficial." *Id*. at 236. Accordingly, the Court addresses the first prong in reference to Plaintiff's alleged

1    excessive force claim.

2         An excessive force claim is adjudicated under the Fourth Amendment's "objective

3    reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). In evaluating

4    whether officers used excessive force, the court must balance "the nature and quality of

5    the intrusion on the individual's Fourth Amendment interests against the countervailing

6    government interests at stake." *Id*. at 396 (internal quotation marks omitted). Among the

7    specific facts a court must consider are "the severity of the crime at issue, whether the

8    suspect pose[d] an immediate threat to the safety of the officers or others, and whether

9    he [was] actively resisting arrest or attempting to evade arrest by flight." *Id*. (quoting

10   *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Critically, "force must be necessary to be

11   reasonable." *Brooks v. City of Seattle*, 599 F.3d 1018, 1025 (9th Cir. 2010).

12        In this case, the Court finds that there are disputed issues of fact with regard to the

13   reasonableness of the way in which Carreras responded to Plaintiff's resistance of his

14   arrest. For example, the parties dispute as to who initiated physical contact or whether

15   there were any physical contacts at all. Specifically, Defendants argue that Plaintiff

16   pushed or "chest-bumped" Carreras as they approached the door leading to the main

17   lobby. (Mot. at 15.) On the contrary, Plaintiff contends that he did not touch Carreras,

18   but rather, it was Carreras who, without provocation, grabbed him and swung him around

19   throwing him against a door smashing him head-first onto a shelf. (Opp's at 14.) In the

20   midst of these disputed facts, the Court cannot ascertain when Plaintiff's "resisting,

21   delaying, or obstructing" occurred, which was the basis of his criminal conviction

22   pursuant to Penal Code § 148. In addition, the parties dispute whether Plaintiff was

23   knocked down (Opp'n at 16), whether he lost his footing rather than being forced down

24   (SUF No. 15), whether Plaintiff went to the ground with or without Carreras (SUF No.

25   15), and whether it was Carreras or other officers who took down and handcuffed

26   Plaintiff. (Opp'n at 5.) These issues of material fact regarding the circumstances under

27   which the officer acted prohibits this Court to rule as a matter of law that Carreras acted

28   reasonably. *See Act Up! Portland v. Bagley*, 988 F.2d 868, 873

8

1    (9th Cir. 1993) ("If a genuine issue of fact exists preventing a determination of qualified

2    immunity at summary judgment, the case must proceed to trial."). Accordingly, the Court

3    **DENIES** Defendants' Motion as to Plaintiff's § 1983 claim for excessive force.

4            **C.    PLAINTIFF'S § 1983 CLAIM AGAINST THE CITY**

5          Plaintiff's *Monell* claim against the City fails. Local governments are "persons"

6    subject to liability under § 1983 where official policy or custom causes a constitutional

7    tort. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 690 (1978). A city or county,

8    however, may not be held vicariously liable for the unconstitutional acts of its employees

9    under the theory of *respondeat superior*. *See Bd. of the Cnty. Comm'rs of Bryan Cnty.,*

10   *Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City*

11   *of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Instead, "it is when execution of a

12   government's policy or custom, whether made by its lawmakers or by those whose edicts

13   or acts may fairly be said to represent official policy, inflicts the injuries that the

14   government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also*

15   *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (noting that a decision made

16   by an official who possesses final authority to establish policy with respect to the

17   challenged action may constitute an official policy for purposes of § 1983 liability). "The

18   plaintiff must demonstrate that, through its deliberate conduct, the municipality was the

19   'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404. That is, the

20   municipal action must have been taken with the requisite degree of culpability and with

21   a direct causal link to the deprivation of the federal right. *See id.*

22         Proof of random acts or isolated incidents of unconstitutional action by a

23   non-policymaking employee are insufficient to establish the existence of a municipal

24   policy or custom. *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000); *Davis v.*

25   *City of Ellenburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). "When one must resort to

26   inference, conjecture and speculation to explain events, the challenged practice is not of

27   sufficient duration, frequency and consistency to constitute an actionable policy or

28   custom." *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996).

1   Here, Plaintiff has failed to provide any evidence of a policy or custom attributable

2   to the City that caused the alleged constitutional deprivations.  In addition, Plaintiff has

3   no evidence that the City was the "moving force" behind the alleged injuries.  More

4   significantly, Carreras is a non-policy making employee of the City.  As such, even if

5   Carreras is found to have acted unlawfully, it will be insufficient to establish the

6   existence of a policy or custom.  Plaintiff ultimately fails to demonstrate a triable issue

7   of fact as to the existence of a policy or custom under which Defendants could be liable

8   under § 1983.  Accordingly, with respect to Plaintiff's *Monell* claim, the Court **GRANTS**

9   Defendants' Motion.

10   **D.    PLAINTIFF'S CLAIM FOR ASSAULT AND BATTERY**

11   Defendants contend that "just as Plaintiff's excessive force claims are barred for

12   public policy reasons, so too are his battery and assault claims." (Mot. at 17.)  The Court,

13   however, finds that Plaintiff's assault and battery claim survives for the same reasons

14   Plaintiff's § 1983 for excessive force claim survives.  Because the Court does not find

15   *Heck* to bar Plaintiff's claim, and does not find that Carreras' conduct was reasonable,

16   Plaintiff's assault and battery claim must remain.  Accordingly, the Court **DENIES**

17   Defendants' Motion as to this claim.

18   **E.    PLAINTIFF'S TORTS IN ESSENCE CLAIM**

19   Defendants argue that Plaintiff fails to allege any facts to support this claim.  (Mot.

20   at 18.)  Defendants also argue that the Penal Code sections Plaintiff cites do not create

21   civil liability.  (Mot. at 19.)  Moreover, Defendants aver that this claim should not be

22   allowed for public policy concerns.  (*Id*.)  Plaintiff disagrees arguing that Penal Code §§

23   118.1, 127, 132, 134, 137, 147, 148.5, 149, 182(2), 240, and 242 create statutory duties

24   applicable to this claim.  (Opp'n at 27.)

25   "A tort in essence is the breach of a non-consensual duty owed another.  Violation

26   of a statutory duty to another may therefore be a tort and violation of a statute embodying

27   a public policy is generally actionable even though no specific civil remedy is provided

28   in the statute itself." *Laczko v. Jules Meyers, Inc*., 276 Cal. App. 2d 293, 295 (Ct. App.

1960).  Here, the Court finds that the Penal Code sections Plaintiff cites do not create private rights of action or are otherwise *Heck* barred for the same reasons Plaintiff's false arrest and malicious prosecution claims are dismissed.[5]  Furthermore, this claim fails because Plaintiff did not meet his burden to demonstrate that the Penal Code sections in question were intended by the legislature to create mandatory duties to prevent the particular injuries he allegedly suffered.  *See Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 1066 (Ct. App. 1984); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (finding that a private right of action under a criminal statute has rarely been implied and where a private right of action has been implied, " 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone'") (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975).  Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's "torts in essence" claim.

## F.   PLAINTIFF'S IIED CLAIM

Defendants contend that Plaintiff's claim for intentional infliction of emotional distress is barred because Plaintiff should not "profit from his own wrongdoing."  (Mot. at. 19.)  In addition, Defendants argue that Plaintiff's criminal convictions bar this claim. (*Id.*)  As stated above, Plaintiff's § 1983 claim for excessive force is a viable claim at this stage of the case.  Because a police officer's unreasonable conduct could be considered extreme and outrageous, there are disputed issues of fact with regard to this claim.  *See*

---

[5]   *Phelps v. Ramos*, No. 1:09cv1925 AWI DLB, 2009 WL 5199005, at *8 (E.D. Cal. Dec. 23, 2009) (finding no private cause of action for violation of California Penal Code §§ 118 .1 and 134); *Crump v. City and Cnty. of San Francisco*, No. C06-07793 MJJ, 2007 WL 2793368 at *3 (N.D. Cal. Sept. 26, 2007) ("As to Plaintiff's unnumbered cause of action under California Penal Code § 132, that statute does not provide for a private right of action."); *Davis v. Peterson*, No. 1:06-cv-01062-AWI-NEW (DLB) PC, 2007 WL 1087168, at *5 (E.D. Cal. April 10, 2007) (finding no private right of action for Penal Code section 147); *Flowers v. Cnty. of Fresno*, No. CV F 09-0051 LJO GSA, 2009 WL 1034574, at *7 (E.D. Cal. April 16, 2009) ("California Penal Code section 149 provides only criminal punishment, not a private right of action for damages."); *Harvey v. City of South Lake Tahoe*, No. CIV S-10-1653 KJM EFB PS, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011) ("[P]laintiff does not argue that a private cause of action is implied in Penal Code section 182, and there is no indication in that statute that civil enforcement is available to plaintiff."); *Lopes v. Fremont Freewheelers*, No. C 07-6213 PJH, 2008 WL 3304944, at *6 (N.D. Cal. Aug. 7, 2008) ("The court has reviewed California Penal Code § 242 and there is no indication that civil enforcement of this statute is available to plaintiff.").

1  *Long v. City of Honolulu*, 511 F.3d 901, 908 (9th Cir. 2007) (finding officer's conduct
2  not outrageous because officer acted in an objectively reasonable manner); *see also*
3  *Graves v. City of Stockton*, No. Civ. 04–0430 DFL KJM, 2006 WL 768831, at *5 (E.D.
4  Cal. Mar.27, 2006) (finding that the police engaged in outrageous behavior when they
5  directed a police dog to bite a hogtied man).   Accordingly, the Court **DENIES**
6  Defendants' Motion as to this claim.

7  ### G.   PLAINTIFF'S NEGLIGENCE CLAIM

8  For the same reasons noted above, Defendants' argument that allowing this claim
9  to go forward would be contrary to public policy does not hold water.  In this case,
10  because Plaintiff's alleged excessive force claim may suffice to establish the breach of
11  a duty of care under California law, the Court **DENIES** Defendants' Motion as to this
12  claim. *See Young v. Cnty. of Los Angeles*, --- F.3d ----, 2011 WL 3771183, at *12 (9th
13  Cir. Aug. 26, 2011) (applying Fourth Amendment reasonableness standard to claim that
14  officer was negligent in using excessive force) (citing *Munoz v. City of Union City*, 120
15  Cal. App. 4th 1077, 1108-09 (Ct. App. 2004)).

16  ### F.   PLAINTIFF'S CLAIM PURSUANT TO CAL. CIVIL CODE § 52.1

17  Plaintiff's claim pursuant to the Bane Act, Cal. Civ. Code § 52.1, survives because
18  the elements of this claim are essentially identical to those of a § 1983 excessive force
19  claim. *Corser v. Cnty. of Merced*, No. 1:05–CV–00985, 2009 WL 174144 at *25 (E.D.
20  Cal. Jan 26, 2009) (citing *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (Ct.
21  App. 1998), and *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1085 (Ct.
22  App. 2003)).   As a result, because there are disputed issues of fact with regard to
23  Plaintiff's § 1983 claims for excessive force, there are also disputed issues of fact
24  directed to this claim.   Accordingly, the Court **DENIES** Defendants' Motion as to
25  Plaintiff's claim pursuant to § 52.1 of the California Civil Code.

26  ## V.   CONCLUSION

27  For the foregoing reasons, Defendants' Motion for Summary Judgment, or in the
28  Alternative, Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN**

**PART**.  Specifically, the Court grants Defendants' Motion as to Plaintiff's § 1983 claims for false arrest and malicious prosecution, Plaintiff's second claim under *Monell*, Plaintiff's fourth claim for false arrest, and Plaintiff's fifth "torts in essence" claim. These claims are hereby dismissed.  Defendants' Motion is denied as to Plaintiff's remaining claims.


        IT IS SO ORDERED.


        September 30, 2011

                                          _____
                                          HON. OTIS D. WRIGHT, II
                                          UNITED STATES DISTRICT JUDGE